Arthur **HARVEY**, Plaintiff

v.

Anne **VENEMAN**, Secretary of Agriculture, Defendant

No. CIV. 02–216–P–H.

United States District Court, D. Maine.

Jan. 7, 2004.

Arthur Harvey, pro se, Canton, ME, for Plaintiff.

Halsey B. Frank, Office of the U.S. Attorney, Portland, ME, for Defendant.

## ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on October 10, 2003, with copies to the parties, her Recommended Decision on Cross Motions for Summary Judgment. Both parties filed objections to the Recommended Decision on November 10, 2003.[1] I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and, with regard to Counts One through Eight of the Complaint, I concur with the recommendations of the United

---

**1.** The plaintiff also filed a motion to narrow the scope of Counts Three and Five of the

Complaint on December 8, 2003. (Docket Item 54). The defendant responded that she had "no objection to Plaintiff withdrawing ... any of his claims." (Docket Item 55). Accordingly, the plaintiff's motion is GRANTED.

States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary. For the reasons that follow, I reject the Magistrate Judge's resolution of Count Nine.

In Count Nine of his Complaint, Arthur Harvey contends that the Secretary failed to implement a provision in the Federal Organic Foods Production Act of 1990 ("OFPA"), 7 U.S.C. §§ 6501–6522 (1999). The specific provision is section 6513(f)(4), which provides that an organic plan for the harvesting of wild crops must include, among other things, "provisions that no prohibited substances will be applied by the producer." The regulation that Harvey claims fails to implement this section is 7 C.F.R. § 205.207 (2003). Section 205.207 does not address organic plans, however; it provides the standards for wild crop harvesting. The regulation dealing with the content of organic plans is 7 C.F.R. § 205.201. It provides, in part, that an organic production plan for agricultural products must contain "[a] description of the management practices and physical barriers established ... to prevent contact of organic production and handling operations and products with prohibited substances." By requiring that organic plans contain assurances that prohibited substances will not be applied, 7 C.F.R. § 205.201 implements section 6513(f)(4) of the statute.

Harvey urges a different reading of 7 U.S.C. § 6513(f)(4) and argues that it operates to "carry forward" the requirement that no prohibited substances be applied to the land. He maintains that the provision prevents producers from rotating wild crop lands in and out of organic status. But there simply is nothing in the statute to support this reading of the provision.

In her Recommended Decision sending the regulation back to the Secretary, the Magistrate Judge focuses on the statute's use of the word "area." The geographic breadth of the prohibition was never argued, however, and so is not before the court. I therefore reject the Magistrate Judge's recommendation regarding Count Nine of the Complaint.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED IN PART and REJECTED IN PART. The plaintiff's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED.

SO ORDERED.